UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x

CHRISTIAN ERIBERTO ENCALADA PILLCO,

Petitioner,

**MEMORANDUM & ORDER**
26-CV-770 (EK)

-against-

KENNETH GENALO, N.Y. Director, Enforcement & Removal Operations, U.S. Immigration and Customs Enforcement et al.,

Respondents.

-----------------------------------x

ERIC KOMITEE, United States District Judge:

Christian Eriberto Encalada Pillco petitions this Court for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. Following his detention by ICE, he filed an initial petition for a writ of *habeas corpus* in February 2026. *See* Pet., ECF No. 1. This Court conditionally granted his petition, after which he received a bond hearing. Gov't Mar. 5 Ltr., ECF No. 12. The Immigration Judge ("IJ") denied bond on the grounds that petitioner was a flight risk. *See* Order of Immigration Judge, ECF No. 12-1. After petitioner was detained for 184 days, he filed another habeas petition, seeking, among other things, another bond hearing with the burden of proof shifted to the respondents. *See* Second Pet., ECF No. 14.

While the petition was pending, respondents filed an additional letter to indicate that the Board of Immigration

Appeals ("BIA") affirmed a prior order of an IJ that ordered Encalada Pillco removed — meaning, there is now a final order of removal in petitioner's immigration case. *See* Gov't July 13 Ltr. 1, ECF No. 20. So, the government contends, petitioner's habeas claim is now jurisdictionally barred, and his detention is now pursuant to a mandatory-detention provision, 8 U.S.C. § 1231(a). *Id.*

## I. Discussion

To the extent that petitioner "may have had a cognizable due process argument" in his pending petition, "that claim has been rendered moot" by virtue of the entry of a final order of removal. *Wang v. Ashcroft*, 320 F.3d 130, 147 (2d Cir. 2003).[1] Encalada Pillco is now detained pursuant to 8 U.S.C. § 1231(a). Pardo Decl. ¶ 5, ECF No. 21-1; *see Wang*, 320 F.3d at 145 ("[Section 1231] governs the detention of aliens subject to final orders of removal.").

Federal district courts generally lack jurisdiction to review final orders of removal. 8 U.S.C. § 1252(a)(5); *see Sandher v. Gonzales*, 481 F.3d 108, 110 (2d Cir. 2007) ("The REAL ID Act divests district courts of habeas jurisdiction to review final administrative orders of removal . . . ."). But when a

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

petitioner challenges the reasonableness of his continued detention after a final order of removal has been entered, district courts may exercise jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). Because Encalada Pillco challenges his ongoing detention, not his removal order, we turn to the merits.

Under Section 1231(a), the "Attorney General shall remove the alien from the United States within a period of 90 days," but "an alien ordered removed who is inadmissible" "may be detained beyond the [90-day] removal period." 8 U.S.C. § 1231(a)(1)(A), (6). At the same time, the Due Process clause imposes limits on the duration of such detention. *Zadvydas*, 533 U.S. at 689. When interpreted "in light of the Constitution's demands, [Section 1231] limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal." *Id.* at 689. Six months is "presumptively reasonable." *Id.* at 701. After that period, the petitioner bears an initial burden to provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If he carries that burden, the government must then offer "evidence sufficient to rebut that showing." *Id.* Continued detention when removal is no longer "reasonably foreseeable" violates an individual's due process rights. *Wang*, 320 F.3d at 146.

Encalada Pillco may have been detained for a period exceeding six months. But regardless, he has not met his burden. In fact, he says nothing at all about whether there is a significant likelihood of removal in the reasonably foreseeable future. Therefore, his request for a bond hearing or release must be denied.

Petitioner requests leave to amend the pleadings pursuant to Federal Rule of Civil Procedure 15(d), to supplement the pleadings in light of the recent developments in his immigration case. That request is granted. Encalada Pillco shall file an amended petition no later than August 14, 2026.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: July 30, 2026
Brooklyn, New York